UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RAMON CRAVER,<br><br>    Plaintiff,<br><br>    v.<br><br>A. MOORE,<br><br>    Defendant. | No. 2:17-cv-0303 CKD P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is defendant's motion to revoke plaintiff's in forma pauperis (IFP) status. (ECF No. 26.)

I.    <u>Procedural History</u>

By order filed March 22, 2017, the undersigned granted plaintiff's request to proceed IFP and dismissed the original complaint with leave to amend. (ECF No. 7.) Plaintiff proceeded to file a first amended complaint (ECF No. 15), which was screened and found to state a claim against defendant Moore (ECF No. 18). After being served with the complaint, defendant Moore filed a motion to revoke plaintiff's IFP status on the grounds that at the time he filed the complaint, plaintiff had already accrued three strikes under 28 U.S.C. § 1915(g) and had failed to demonstrate that he was in imminent danger of serious physical injury. (ECF No. 26.) The motion is now fully briefed and ready for disposition.

1

1    II.    The Prison Litigation Reform Act's Three Strikes Rule

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal IFP if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). "[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

Once a plaintiff has accrued three strikes, he is precluded from proceeding IFP unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g).").

III.    Plaintiff's Opposition

In opposition to defendant's motion, plaintiff argues that the three cases defendant identifies as strikes are not strikes because they were not dismissed as frivolous or malicious. (ECF No. 27 at 2-3.) He further asserts that because he does not have three strikes, he is not required to show imminent danger. (Id. at 4.)

////

2

IV. <u>Plaintiff's Strikes</u>

Defendant asserts that plaintiff accrued three strikes prior to filing the complaint in this case (ECF No. 26-1 at 3-4) and requests that the court take judicial notice of those three cases (ECF No. 26-2). The request for judicial notice will be granted and the court will consider the cases identified by defendant.[1] Upon review of those cases, the court finds that defendant has not shown that plaintiff has accrued three strikes because the last case relied upon, <u>Craver v. Sacramento County</u>, No. 05-16925 (9th Cir.), does not meet the criteria for being counted as a strike.[2]

In <u>Craver v. Sacramento County</u>, the district court granted the defendants' motion for summary judgment (ECF No. 26-2 at 60) and later certified that the appeal was not taken in good faith (<u>id.</u> at 63). On appeal, the Ninth Circuit affirmed the judgment of the district court. (<u>Id.</u> at 64, 67-69.) Defendant argues that because the district court found the appeal was taken in bad faith, plaintiff's appeal was frivolous and counted as a strike. (ECF No. 26-1 at 4.) However, affirming a dismissal on appeal does not constitute a strike unless the decision states that the appeal itself was frivolous, malicious, or failed to state a claim or adopts a "certification of the district court that the appeal would be brought in bad faith." <u>El-Shaddai v. Zamora</u>, 833 F.3d

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." <u>United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] The court notes that defendant has also failed to provide sufficient documentation to show that the first case he relies on, <u>Craver v. Franco</u>, No. 2:07-cv-0428 (E.D. Cal.), is a strike. <u>Craver v. Franco</u> was dismissed as being barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). (ECF No. 26-2 at 11-18.) In <u>Washington v. Los Angeles County Sheriff's Department</u>, the Ninth Circuit held that "a dismissal may constitute a PLRA strike for failure to state a claim when <u>Heck's</u> bar to relief is obvious from the face of the complaint, and the entirety of the complaint is dismissed for a qualifying reason under the PLRA." 833 F.3d 1048, 1055 (9th Cir. 2016). The Ninth Circuit further held that cases wherein the plaintiff seeks injunctive relief that sounds in habeas do not constitute complete dismissals under <u>Heck</u> and therefore do not count as strikes. <u>Id.</u> at 1056-57. It is not clear from the orders provided by defendant whether the dismissal in <u>Craver v. Franco</u> was a complete dismissal under <u>Heck</u> or a mixed dismissal. (ECF No. 26-2 at 11-18.) However, it is unnecessary for the court to determine what kind of relief plaintiff was seeking because the third case identified by defendant clearly does not qualify as a strike.

3

1036, 1045-46 (9th Cir. 2016). In Craver v. Sacramento County, the Ninth Circuit affirmed the district court's grant of summary judgment, but made no mention of adopting the certification of bad faith. (ECF No. 26-2 at 64, 67-69.) The Ninth Circuit's docket also does not show that plaintiff was denied IFP status on appeal (id. at 44-47), further indicating that the Ninth Circuit did not adopt the district court's finding of bad faith. See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.") Therefore, the appeal in Craver v. Sacramento County does not constitute a strike under § 1915(g).

Because defendant has failed to show that plaintiff had accrued three strikes prior to the initiation of this lawsuit, the undersigned recommends that the motion to revoke IFP status be denied and defendant be ordered to respond to the complaint.

IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that defendant's motion to revoke plaintiff's in forma pauperis status (ECF No. 26) be denied and defendant be required to respond to the complaint within twenty-one days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 7, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:crav0303.1915(g).f&r

4